UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES KYLE RICHARDSON,

    Petitioner,

v.

UNITED STATES OF
AMERICA,

    Respondent.

Case No: 2:20-cv-305-SPC-MRM
Case No: 2:17-cr-11-SPC-MRM

## **OPINION AND ORDER**[1]

Before the Court are Petitioner James Kyle Richardson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), the Government's Response (Doc. 5), and Richardson's Reply (Doc. 8).[2]

## BACKGROUND

A Grand Jury charged Richardson with two counts: possession of a firearm and ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1); and possession of marijuana with intent to

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court cites to documents from the civil docket as (Doc. _) and the criminal docket as (Cr-Doc. _).

distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 2). (Cr-Doc. 1). The Court appointed Assistant Federal Defender George Ellis Summers, Jr. to represent Richardson. (Cr-Doc. 11).

Richardson moved to suppress the firearm, ammunition, and drugs seized from his residence during the execution of a search warrant and a post-*Miranda* statement he gave to police thereafter. (Cr-Doc. 19). Richardson claimed the affidavit in pursuit of a search warrant contained false statements, which negated probable cause. The Court held a hearing on the motion and ultimately denied it. (Cr-Doc. 34). Following the denial, Richardson pled guilty to Count 2 without the benefit of a plea agreement. (Cr-Doc. 49). After cautioning and examining Richardson under oath, Magistrate Judge Carol Mirando determined the guilty plea was knowledgeable and voluntary and recommended that it be accepted. (Cr-Doc. 50). Richardson waived his right to object to Judge Mirando's recommendation (Cr-Doc. 52), and the Court accepted the guilty plea (Cr-Doc. 55).

The Court held a jury trial on Count 1. On August 10, 2017, after a four-day trial, the jury found Richardson guilty. (Cr-Doc. 91). The Court sentenced Richardson to 262 months imprisonment on Count 1 and 120 months on Count 2, to run concurrently, followed by four years of supervised release. (Cr-Doc. 108). The length of the sentence was based in part on the Court's finding that Richardson met the criteria for a sentencing enhancement under the Armed

Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (Cr-Doc. 121). Richardson appealed the denial of his motion to suppress and the ACCA enhancement. The Eleventh Circuit affirmed. *United States v. Richardson*, 761 F. App'x 945 (11th Cir. 2019). Richardson's § 2255 Motion timely followed.

## LEGAL STANDARD

### A. 28 U.S.C. § 2255

A prisoner in federal custody may move for his sentence to be vacated, set aside, or corrected on four grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was over the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion "may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (stating § 2255 relief is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice" (internal quotations omitted)). The petitioner bears the burden of proof on a § 2255 motion. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (citation omitted).

### B. Effect of a Guilty Plea

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Thus, when a § 2255 motion collaterally challenges a conviction obtained through a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Alternatively, "[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770 (1970)).

### C. Procedural Default

Generally, a § 2255 petitioner may not raise a ground in a habeas proceeding if he failed to raise it on direct appeal. *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013). This procedural default rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). But there are two exceptions: "(1) cause and actual prejudice, and (2) actual innocence." *Fordham*, 706 F.3d at 1349.

The first exception requires the petitioner to "show both (1) 'cause' excusing his…procedural default, and (2) 'actual prejudice' resulting from the

4

errors of which he complains." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). "Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quoting *Ward v. Hall*, 592 F.3d 1144, 1179 (11th Cir. 2010).

The second exception is narrow. "To establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Bousley*, 523 U.S. 614, 623 (1998)). The Supreme Court has noted "that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. 614.

**D. Ineffective Assistance of Counsel**

Criminal defendants have a Sixth Amendment right to reasonably effective assistance of counsel. In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief under the Sixth Amendment. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id.* Failure to show either *Strickland* prong is fatal. *See Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir.

2010) ("a court need not address both *Strickland* prongs if the petitioner fails to establish either of them").

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689). The second prong requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 1355 (quoting *Strickand*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome, which is a lesser showing than a preponderance of the evidence." *Id.* (cleaned up). "At the same time, 'it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding' because 'virtually every act or omission of counsel would meet that test.'" *Id.* (quoting *Strickland*, 466 U.S. at 693).

## DISCUSSION

### A. Ground 1: Ineffective Assistance of Counsel

Richardson lists Summers' alleged errors in 17 bullet points. The Court begins by rejecting eight of these points because they are facially deficient. Richardson's allegations that Summers failed to investigate, prepare for trial, consult with Richardson, familiarize himself with the laws and facts of the

6

case, and educate the jury on aggravating and mitigating circumstances are vague and conclusory. As are Richardson's complaints that Summers' gave him "questionable advice to plead guilty" to Count 2, failed "to object to improper and inflammatory remarks by the prosecution" at trial, and failed to seek a pre-trial hearing on Rule 404(b) evidence. (Doc. 1-1 at 7-10). These eight allegations are so facially insufficient the Court cannot meaningfully address them. *See Smith v. Wainwright,* 777 F.2d 609, 616 (11th Cir. 1985) ("As a general rule, a habeas corpus petitioner must allege specific errors in his counsel's performance to support a claim for ineffective assistance of counsel." (citing *Strickland,* 466 U.S. 668)); *see also Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (quoting *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)). The Court will address the merits of Richardson's remaining claims.

    1. <u>Failure to have baggies containing methamphetamine residue independently tested</u>

During the investigation of Richardson, police found several baggies with methamphetamine residue in his trash. Richardson claims Summers ignored his requests to have the baggies independently tested. But the Court found evidence gathered in the "trash pulls"—including the baggies—inadmissible at Richardson's request. (Cr-Doc. 86). Had Summers obtained and introduced

such evidence, he would have opened the door to the "trash pull" evidence. Summers' decision not to obtain and introduce independent testing was not constitutionally deficient, and it did not prejudice Richardson.

   2. Guarantee of acquittal if the jury viewed a video of Richardson's mother, Carla Deveny, stating the gun was hers

Richardson claims that Summers guaranteed acquittal if the Court allowed the jury to view a video of Deveny stating the gun was hers. The jury did view the video but still found Richardson guilty. Richardson contends that were it not for Summers' guarantee, he would have "accepted the government's tendered plea agreement on this particular charge." (Doc. 1 at 17). This claim is meritless. First, Richardson's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have" pled guilty. *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991). Second—and more importantly—Government's counsel states that no plea agreement was ever offered. (Doc. 5 at 8). In his Reply, Richardson vaguely suggests that Summers lied about the Government offering a plea agreement, but he does not contend that a plea agreement was ever truly tendered. Thus, Richardson has not shown prejudice.

   3. Failure to object to the Government's questioning of Deveny

Richardson faults Summers for not objecting when the Government posed questions to Deveny regarding evidence recovered during the trash

pulls, despite the Court's ruling that such evidence was inadmissible. Specifically, Richardson contends Summers should have objected or moved for a mistrial when the Government asked, "So, the single bullet found in the trash on December 15, 2015, which is the same bullet in the gun now, what do you say about that?" (Doc. 1 at 18). But the transcript of Deveny's testimony shows that the Government's counsel did not ask this question or any similar question that ran afoul of the Court's exclusion of the trash pull evidence. This claim is refuted by the record and thus entirely without merit.

    4. <u>Failure to move for a mistrial after the AUSA violated the Court's order by questioning a witness regarding the trash pull</u>

This argument is based on the same false premise as the one addressed above. A review of the trial transcript reveals that the AUSA did not ask any questions that violated the Court's exclusion of evidence from the trash pulls. This claim is refuted by the record and entirely without merit.

    5. <u>Failure to investigate Richardson's prior state convictions</u>

Richardson argues Summers failed to determine whether his earlier convictions warranted an ACCA sentence enhancement. He does not state what information Summers failed to gather. Nor does he explain how a more thorough investigation could have changed the outcome. In fact, Summers did object to the ACCA enhancement based on Richardson's Florida robbery conviction, thereby preserving it for appeal. (Cr-Doc. 121 at 5). And the

Eleventh Circuit considered and rejected that argument based on recent Supreme Court precedent. *Richardson,* 761 F. App'x at 949. Summers was not deficient on this point, and Richardson was not prejudiced.

> 6. <u>Failure to move to suppress the statement Richardson made at the scene of his arrest</u>

Here again, Richardson makes a claim that is conclusively refuted by the record. Summers did move to suppress Richardson's statement, the Court denied the motion, and the Eleventh Circuit affirmed. (Cr-Doc. 19, 34); *Richardson,* 761 F. App'x at 947-48.

> 7. <u>Failure to inform the jury that the gun was inoperable</u>

Richardson argues Summers failed "to ensure members of the jury were cognizant" that the firearm at the center of the case was non-functioning. (Doc. 1-1 at 9). But in fact, Summers called a witness—firearm examiner Yolanda Soto—to establish that fact. (Cr-Doc. 172-79). And he drove the point home during his closing argument by repeatedly calling the gun "broken." (Cr-Doc. 133 at 25). This claim is frivolous and refuted by the record.

> 8. <u>Failure to impeach Detective Forbus's testimony at the suppression hearing</u>

Detective Forbus made the affidavit in pursuit of a search warrant that led to a search of Richardson's residence. Richardson complains that Summers failed to use the affidavit to impeach Forbus at the suppression hearing. But Forbus did not testify at that hearing. (Cr-Doc. 125). Rather, Forbus gave a

10

deposition in a state criminal case, and Summers used the deposition testimony to support the motion to suppress. (*See* Cr-Doc. 19-2). This claim is frivolous and refuted by the record.

### 9. Failure to object to Detective Forbus's affidavit

Richardson does not state what objection Summers could have made to Forbus's affidavit, or when he could have made it. The affidavit was not introduced at trial. Rather, Summers attached it as an exhibit to the motion to suppress the fruits of the resulting search. (Cr-Doc. 19-1). Assigning fault to an attorney for not objecting to an exhibit he submitted is nonsensical and frivolous.

**B. Ground 2: Defective Indictment**

Richardson claims his indictment was defective in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019) because Count 1 did not charge him with "knowingly" being a felon when he possessed the firearm. *Rehaif* held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200 (2019). The Government argues Richardson procedurally defaulted on this claim, and the Court agrees.

11

Richardson did not object to the indictment at or before trial or on direct appeal. To excuse his default, Richardson must show either (1) cause and prejudice or (2) actual innocence.

Richardson blames his failure to timely object to the indictment on the fact that the Supreme Court decided *Rehaif* after he filed his appeal. But that is not adequate cause to excuse a procedural default. Although precedent at the time of Richardson's trial and appeal cut against an objection to the indictment, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousely v. United States*, 523 U.S. 614, 623 (1998) (quoting *Engle v. Isaac*, 456 U.S. 107, 130 (1982)). Cause can be established if a claim "is so novel that its legal basis is not reasonably available to counsel[.]" *Id.* at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). But the scienter issue raised here is not novel. *See United States v. Lee*, Case No. 1:18-249-KD, 2020 WL 5412981, at *4 (S.D. Ala. Sept. 8, 2020) (collecting cases that find courts routinely examine the issue). Richardson has not established "cause" for his procedural default.

Richardson also fails to show prejudice or actual innocence. Before trial, Richardson stipulated that he was a convicted felon. (Cr-Doc. 78). And the presentence investigation showed that Richardson has been convicted of a slew of felonies. (Cr-Doc. 97). In fact, he was released from a 40-month prison sentence about seven months before committing the crime charged in Count 1.

(Cr-Doc. 97 at 22). Richardson does not claim he was unaware of his status as a felon, and any such claim would strain credulity. Ground 2 is denied.

### C. Ground 3: Guilty Plea Lacked Factual Basis

Richardson claims the Court failed to ensure that his guilty plea to Count 2—possession of marijuana with intent to distribute—had a factual basis. Not so. At the change-of-plea hearing, Richardson had the following exchange with Magistrate Judge Mirando:

> THE COURT: Why don't you tell me, in your own words, what you did.
>
> THE DEFENDANT: I possessed marijuana, and I had it with intent to distribute.
>
> THE COURT: Okay. And that was on or about that date?
>
> THE DEFENDANT: Yes; on March 15th, 2016.

(Cr-Doc. 130 at 21). Ground 3 is frivolous and refuted by the record.

### D. Ground 4: The Government Violated the Court's *In Limine* Order

This claim rests on the fiction—addressed above—that the AUSA questioned Deveny about trash pulls in violation of the Court's order deeming such evidence inadmissible. Richardson claims the AUSA asked Deveny, "So, the bullet found in the 'trash pull' conducted by law enforcement on December 15, 2015, would be the same bullet that 'matched' the other bullets discovered in the chamber of the gun discovered by law enforcement." (Doc. 1-1 at 33).

13

But again, a review of the transcript shows that the Government never asked Deveny this or any similar question that might have violated the Court's ruling. Ground 4 is frivolous and refuted by the record.

**E. Ground 5: Guilty Plea Was Involuntary**

Richardson contends his guilty plea to Count 2 was constitutionally invalid because Summers did not advise him of the possible sentence, the elements of the crime, or a potential ACCA enhancement. The transcript of the change-of-plea hearing wholly refutes this claim. Richardson acknowledged that Summers discussed with him the elements of the crime and how the sentencing guidelines might apply to his case. (Cr-Doc. 130 at 14-16). What is more, Magistrate Judge Mirando advised him of the elements and the sentencing range, and Richardson stated that he understood. (Cr-Doc. 130 at 14-16). Judge Mirando specifically warned that Count 2 carried a maximum sentence of 10-years imprisonment, which is the sentence Richardson received. (Cr-Docs. 130 at 15, 108 at 2).

Statements made in a plea hearing "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* That is the case here. Richardson's claim that he was not advised of the elements of Count 2 or the potential

14

sentence is refuted by his own prior statements. To the extent Richardson claims his guilty plea to Count 2 was involuntary because he did not understand his sentencing exposure under Count 1, that claim is frivolous. Richardson's guilty plea did not affect the sentence he received for Count 1. Ground 5 is denied.

## EVIDENTIARY HEARING

A court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "If the petitioner alleges facts, that if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quoting *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002)). A petitioner need only allege, not prove, facts that would entitle him to relief. *Id.* However, the alleged facts must be reasonably specific and non-conclusory. *Aron*, 291 F.3d at 715 n.6; *see also Allen v. Sec'y, Fla. Dep't or Corr.*, 611 F.3d 740, 745 (11th Cir. 2010), *cert denied*, 563 U.S. 976 (2011). Further, if the allegations are "affirmatively contradicted by the record" and "patently frivolous," the court need not hold an evidentiary hearing. *Id.*

The Court finds an evidentiary hearing unwarranted here. Richardson has not alleged facts that, if proven, would entitle him to relief.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). Richardson has not made the requisite showing here and may not have a certificate of appealability on any ground of his Motion.

Accordingly, it is now

**ORDERED:**

Petitioner James Kyle Richardson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 24, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record